# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN RAE WARES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | 1:15-cv-01056-EPG<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 21) |

On July 9, 2019, Plaintiff's counsel, Shellie Lott, filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 21.) Plaintiff and Defendant were served with a copy of the motion. (ECF No. 22.) Defendant filed a response to the motion in which Defendant does not take a position on the reasonableness of the request for attorney's fees. (ECF No. 23.) Plaintiff has not filed an objection or other response to the motion.

For the reasons set forth below, the motion for an award of attorney's fees is GRANTED in the amount of $15,522, subject to an offset of $ 5,225 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA") on December 12, 2016. (*See* ECF No. 20.)

**I. BACKGROUND**

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability insurance benefits and supplemental security income under the Social Security Act. (ECF No. 1.) On September 16, 2016, the Court ordered the case remanded to the agency for further proceedings. (ECF No. 17.) On September 16, 2016, judgment

was entered in accordance with the Court's order. (ECF No. 18.) On remand, the Commissioner awarded benefits to Plaintiff. (ECF Nos. 21-2.) On December 9, 2016, the parties filed a stipulation for an award of $5,225 in attorney fees under EAJA (ECF No. 19), and on September 12, 2016, the Court entered an order on the stipulation, awarding EAJA attorney fees and expenses in the amount of $5,225. (ECF No. 20.)

On August 25, 2018, the Commissioner issued a notice that retroactive disability benefits had been awarded to Plaintiff, and that $19,667, representing 25% of Plaintiff's past-due benefits, had been withheld from Plaintiff's award of disability benefits for payment of any applicable attorney fees. (ECF No. 21-2 at 3.) The notice does not, however, specify the total amount of past-due benefits awarded to Plaintiff. (*Id.*) Although the parties agree that $19,667 represents 25% of the past-due benefits (ECF No. 21 at 1; ECF No. 23 at 1), a subsequent letter from the Commissioner, dated July 1, 2019, states that $15,522 was being withheld, "which represents the balance of 25 percent of the past-due benefits payable" to Plaintiff. (ECF No. 21-6.)

On July 9, 2019, Plaintiff's counsel filed a motion for attorney fees in the amount of $15,522, with an offset of $5,225 for EAJA fees already awarded. (ECF No. 21.) Plaintiff's counsel states in the motion that 25% of past-due benefits is $19,667, but does not explain or discuss the July 1, 2019, letter stating that $15,522 "represents the balance of 25 percent of the past-due benefits." Defendant, however, indicates that the $4,145 difference between the $19,667 amount stated in the August 25, 2018, notice and the $15,522 amount set forth in the July 1, 2019, letter represents a fee received by Plaintiff's counsel under 42 U.S.C. § 406(a). (ECF No. 23 at 2 ("Counsel indicated that she received fee under 42 U.S.C. § 406(a) in the amount of $4,145.00, and has reduced her request by that amount.").)

Plaintiff's counsel's § 406(b) motion for attorney fees is now before the Court.

**II. DISCUSSION**

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess*

> *of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the

character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and her attorney, Shellie Lott of Cerney Kreuze & Lott, LLP, was signed by Plaintiff and counsel, and provides:

> This is a contingent fee contract. If Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits.
>
> If Attorney prevails before the Federal Court, Attorney will make application to the court to order SSA to pay attorney fees in accordance with the Equal Access to Justice Act ("EAJA"). . . .
>
> . . . .
>
> If Claimant subsequently is awarded benefits after the remand from Federal Court, Claimant will owe Attorney the difference between the 25% fee specified above and the amount paid by SSA in accordance with EAJA. Applicable regulations require approval by the Court of the fee requested, and the Court must determine if the fee is reasonable.

(ECF No. 21-3.)

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Plaintiff's counsel represents that she spent 28.4 hours of attorney time representing Plaintiff in this matter, ultimately gaining a favorable decision in that the case was remanded to the Commissioner, who then awarded benefits to Plaintiff. (ECF No. 21-4 (time record showing 28.4 attorney hours representing Plaintiff before the district court).) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $15,522, which results in an hourly rate of $547. The Ninth Circuit has found similar—and in some cases, higher—effective hourly rates reasonable in

social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Further, the requested attorney fees award of $15,522 does not exceed 25% of past-due benefits, and is not excessive in relation to the past-due benefits awarded.[1] *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of § 406(b) attorney fees in the amount of $34,500), *adopted by* 2011 WL 841363.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

---

[1] As noted previously, the information provided to the Court does not include a statement by the Social Security Administration of the total past-due benefits awarded. The information states that $19,667 represents 25% of past-due benefits (ECF No.21-1 at 3), but subsequently states that $15,522 "represents the balance of 25 percent of the past-due benefits" (ECF No. 21-6 at 1). The $4,145 difference is apparently the result of a fee received by Plaintiff's counsel under 42 U.S.C. § 406(a). (*See* ECF No. 23 at 2.)

An award of attorney fees pursuant to § 406(b) in the amount of $15,522 is, therefore, appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $5,225 in fees pursuant to the EAJA; as such, the § 406(b) award will be offset by $5,225.

## III.  CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED:

1. Plaintiff's counsel's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $15,522 (ECF No. 21) is GRANTED;

2. Plaintiff's counsel is ordered to reimburse Plaintiff $5,225 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

3. The Clerk of the Court is respectfully directed to serve a copy of this Order on Susan Rae Wares, 1760 Faith Home Road, Ceres CA 95307.

IT IS SO ORDERED.

Dated:  **September 11, 2019**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE